IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS MICHAUD,

      Plaintiff/Appellant

v.                                                        No. 1:19-cv-00479

R&L CARRIERS SHARED SERVICES, LLC

      Defendant/Appellee

## NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION

R&L Carriers Shared Services, LLC ("Defendant" or "Shared Services") hereby gives notice that it is removing this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico, and in support thereof states the following:

    1.    This action was commenced by Dennis Michaud's Notice of Appeal and Complaint for Wrongful Termination (Case No. D-202-cv-2019-03350) on or about April 25, 2018, wherein Dennis Michaud ("Michaud" or "Plaintiff") is Plaintiff and Shared Services is Defendant. *See* Ex. 1.

    2.    Michaud served the Complaint by certified mail to Defendant on April 26. Shared Services received the Complaint on May 1 and thereby service was effected on May 1, 2019. *See* Declaration of Daniel J. Brake (Ex. 2).

    3.    Michaud alleges that he is a resident of Rio Rancho, New Mexico. *See* Complaint at ¶ 1.

    4.    According to Plaintiff's Complaint, R&L Carriers Shared Services, LLC is a limited liability company authorized to do and doing business in New Mexico. This is true. More

importantly for purposes of this Motion, Defendant is an Ohio limited liability company. *See* Declaration of Michael Shroyer (Ex. 3).

5.  None of the members of the LLC are New Mexico citizens or residents. Rather, as one can see below, the members are:

> R&L Carriers, Inc.
> R&L Transfer, Inc.
> Gator Freightways, Inc.
> Greenwood Motor Lines, Inc.
> Paramount Transportation Systems, Inc.
> R.L.R. Investments, LLC

*See* Shroyer Declaration.

6.  A party may remove an action from state to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a); *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Huffman v. Saul Holdings LP*, 194 F.3d 1072, 1076 (10th Cir. 1999).

7.  The 30-day period for removal under 28 U.S.C. § 1446 runs from the date of receipt of formal service, properly made. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1328-29 (1999). Since Defendant was served on May 1, removal is timely.

### Diversity Jurisdiction

**In General**

8.  28 U.S.C. § 1332 states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States;
>
> * * *

**Amount in Controversy**

9.    Courts initially examine the state court petition to determine the amount in controversy.  *Manguno v. Prudential Property & Casualty Ins. Co.* 276 F.3d 720, 723 (5th Cir. 2002); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

10.   Michaud seeks back pay, front pay, mental anguish and punitive damages, and attorney fees.  *See* Complaint at ¶ 10 and under the Prayer for Relief at subparagraph (3).

11.   Michaud was earning over $76,000 a year and had benefits, such as the opportunity to participate in group health and a 401(k) plan.  *See* Declaration of James Fishpaw (Ex. 4).

12.   Where the petition does not include a specific monetary demand such as herein, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Manguno*, 276 F.3d at 723, *citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Lozano v. Schoellerman*, 2009 WL 211080, 1 (S.D. Tex. 2009); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

This requirement is met if (1) it is <u>apparent from the face of the petition that the claims are likely to exceed $75,000</u>; or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.  *Manguno*, 276 F.3d at 723, *citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008), *citing Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed."); *see also Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. March 13, 2000), *citing St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Furthermore, if a statute provides for attorney fees, such fees are also included in determining the amount in controversy. *Manguno*, 276 F.3d at 723; *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (also noting that the estimate must be reasonable).

13.  Plaintiffs claim Defendants violated N.M. Stat. Ann. § 28-1-7(I)(5). The statute authorizes imposition of uncapped but reasonable mental anguish damages.[1] *Nava v. City of Santa Fe*, 103 P.3d 571, 577 (N.M. 2004), *citing Wulf v. City of Wichita,* 883 F.2d 842, 874-75 (10th Cir. 1989) (holding that an award of $ 250,000 for mental anguish and distress was grossly excessive).

14.  As one can see from the Complaint itself, Plaintiff makes no specific demand. Michaud does, however, specifically seek back pay, injunctive relief, mental anguish damages, loss of consortium and punitive damages, costs, attorney fees and any other remedy authorized by law.

15.  In sum, whether based on the face of the Complaint or otherwise, Michaud is clearly seeking in excess of $75,000.

**Citizenship of the Parties**

16.  Federal courts treat a limited liability company as a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, the citizenship of Defendant is based on the citizenship of the members of Shared Services.

17.  Defendant is an Ohio LLC with its principal place of business in Ohio. *See* Shroyer Declaration.

---

[1]  Michaud seeks punitive damages. The decision in *Gandy v. Wal-Mart Stores, Inc.*, 872 P.2d 859, 874 (N.M. 1994), holds that "[p]unitive damages are sometimes recoverable in tort actions but are not recoverable under the Human Rights Act."). *See* §§ 28-1-11(E), 28-1-13(D). If in fact Michaud can recover punitive damages, the amount in controversy is even higher.

18. Furthermore, as one can see, the members of Shared Services are Ohio corporations, an Ohio LLC, a Florida corporation, a South Carolina corporation, three trusts and individuals who are either Ohio or Florida citizens. *See* Shroyer Declaration.

19. Also, as one can see, Ohio is the principal place of business for each entity/member of Shared Services. *See* Shroyer Declaration.

20. Finally, Michaud not only is a New Mexico resident, but a New Mexico citizen as well based on his maintenance of a residence in Rio Rancho. *See* Fishpaw Declaration; *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

This matter is, therefore, removable under this Court's diversity jurisdiction.

       Respectfully submitted,

       RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

       By_____
        Jeffrey L. Lowry
       Post Office Box 1888
       Albuquerque, New Mexico  87103
       Telephone:  (505) 765-5900
       Facsimile:  (505) 768-7395
       jlowry@rodey.com

       - AND -

       ELLIS B. MUROV (La. Bar No. 9839)
       *Pro Hac Vice* Pending
       DEUTSCH KERRIGAN, LLP
       755 Magazine Street
       New Orleans, Louisiana  70130
       Phone:  504-581-5141
       Facsimile:  504-566-1201
       emurov@deutschkerrigan.com

       *Attorneys for Defendant/Appellee R&L Carriers Shared Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2019, I filed the foregoing electronically through the CM/ECF system and served the following by e-mail and United States mail:

David B. Joeckel, Jr.
The Joeckel Law Office
500 Marquette Avenue - Suite 1200
Albuquerque, NM  87102

David B. Joeckel, Jr.
The Joeckel Law Office
219 South Main Street - Suite 301
Fort Worth, TX  76104
dbj@joeckellaw.com

         RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

         By_____
          Jeffrey L. Lowry